ORIGINAL

# United States Court of Federal Claims

No. 17-1507 C
Filed: November 16, 2017

**FILED**
NOV 1 6 2017
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CARL SHELDEN, ) | |
| ) | *Pro Se*; *Sua Sponte* Dismissal; Lack of |
| Plaintiff, ) | Subject Matter of Jurisdiction; Claims |
| ) | Against State Officials and Agencies; |
| v. ) | Civil Rights Claims; Tort Claims; |
| ) | Constitutional Claims |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

On October 13, 2017, plaintiff, proceeding *pro se*, filed a complaint in this Court seeking various forms of relief. Plaintiff's Complaint asserts, *inter alia*, that certain states, governmental agencies, and individuals have been conspiring against the plaintiff and committing tortious acts against his family over a span of 34 years. Specifically, Mr. Shelden names the State of California, State of Florida, State of Arizona, the Buckeye Police Department of Arizona, a judge on the Buckeye City Court, the Federal Bureau of Investigation, and the U.S. Department of Justice as defendants. Plaintiff is seeking injunctive relief and money damages in the amount of $24 billion.

Upon *sua sponte* review, this Court finds plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. The Court has no authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

**I.  Background**

Mr. Shelden filed a complaint on October 13, 2017 for "crimes against humanity" alleging that the named defendants, in their personal and official capacity, have repeatedly violated plaintiff's constitutional rights, committed heinous crimes, and have constantly harassed and tortured the plaintiff and his family. Complaint (hereinafter "Compl.") at 4.

In plaintiff's first claim for relief, Mr. Shelden alleges that defendants have violated his First, Fourth, Fifth, and Sixth Amendment rights under the U.S. Constitution. Compl. at 53. In

7017 1450 0000 1346 0867

plaintiff's second claim for relief, Mr. Shelden contends that the defendants have refused to investigate, prosecute, and prevent crimes against humanity and civil rights violations against a protected minority. Compl. at 59. In plaintiff's third claim for relief, Mr. Shelden states that the defendants have obstructed justice and committed anti-trust violations. Compl. at 73.

As a result of defendants' alleged conduct, Mr. Shelden is seeking $24 billion in damages, including ". . .compensatory damages, actual damages, consequential damages (UCC § 2-17(2)(a)), double damages twice, exemplary (punitive) damages, incidental damages. . . ." Compl. at 106. Further, Mr. Shelden requests that the Court assist the plaintiff's son with enforcing an order in his divorce case, assist the plaintiff in acquiring a passport, grant him access to "state, federal, or other records held by U.S. corporations," and provide general injunctive relief "due to loss of past and present health insurance, harm to business reputation, loss of earning capacity, etc." *Id.* at 107-109.

## II. Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases *not sounding in tort.*" 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the Court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). RCFC 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In determining whether subject matter jurisdiction exists, the Court will treat factual allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. Discussion

In this case, Mr. Shelden fails to establish by a preponderance of the evidence that this Court has jurisdiction over his claims. In *Anderson v. United States*, the Court explained that the United States Court of Federal Claims lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." 117 Fed. Cl. 330, 331 (2014). Therefore, this Court lacks jurisdiction over all of Mr. Shelden's claims against states, local government entities, and local government officials, and all claims against those parties must be dismissed.

Regarding the numerous constitutional violations alleged by Mr. Shelden, he argues that these violations "are compensateable under *Bivens v. Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)." Compl. at 58. Under *Bivens*, the Supreme Court held that, in certain situations, a plaintiff may bring claims against government officials in their individual capacities for violations of constitutional rights. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing *Bivens*, 403 U.S. 388). However, as noted above, the Tucker Act does not provide this Court with jurisdiction over claims against individual federal officials. *Id.* at 624.

Additionally, Mr. Shelden's First, Fourth, Fifth, and Sixth Amendment claims are not properly before this Court. With the exception of the Takings Clause of the Fifth Amendment, a provision which is not pertinent to this Complaint, these amendments are not money-mandating and therefore not subject to the jurisdiction of this Court. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money.") (citations omitted); *Brown*, 105 F.3d at 623 (holding that the Fourth Amendment does not mandate payment and therefore such claims are not within the jurisdiction of the court) (citations omitted); *Carruth v. United States*, 224 Ct. Cl. 422, 445 (1980) (no jurisdiction based on Fifth Amendment Due Process or Equal Protection); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) (holding that the Court lacks jurisdiction over Sixth Amendment claims because the Sixth Amendment is not money-mandating) (citations omitted), aff'd, 217 F.3d 854 (Fed. Cir. 1999).

The Court also lacks jurisdiction over plaintiff's statutory claims against the United States. Mr. Shelden alleges violations of the Civil Rights Act and attempts to invoke 42 U.S.C. § 1983, but only federal district courts have jurisdiction to hear claims alleging civil rights violations. Compl. at 62; *see Jones v. United States*, 104 Fed. Cl. 92, 99 (2012); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (citing *Wildman v. United States*, 28 Fed. Cl. 494, 495 (1993) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts.")).

Furthermore, the Court lacks jurisdiction to hear plaintiff's tort claims against the United States. The Tucker Act explicitly excludes tort claims against the United States from this Court's jurisdiction. "It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); *see also Sellers v. United States*,

110 Fed. Cl. 62, 66 (2013). United States district courts have exclusive jurisdiction to hear tort claims against the United States, including all claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, which plaintiff cites to in his Complaint. Compl. at 59; *see also* 28 U.S.C. § 1346(b)(1).

Here, Mr. Shelden alleges that the defendants are responsible for "[p]sychological assaults, isolation, harassment, stress, trauma-infliction as a result of domestic hate crime conspiracy and gang-stalking." Compl. at 64-65. These claims of assault, harassment, and conspiracy sound in tort and, thus, are outside of this Court's jurisdiction. *See, e.g., Moore v. United States*, 419 F. App'x 1001, 1002 (Fed. Cir. 2011) (assault claim sounded in tort); *Kortlander v. United States*, 107 Fed. Cl. 357, 368 (2012) (slander and harassment sounded in tort); *Cox v. United States*, 105 Fed. Cl. 213, 218 (2012) (harassment, fraud, and breach of fiduciary duty sounded in tort); *Gant v. United States*, 63 Fed. Cl. 311, 316 (2004) (conspiracy, fraud, and negligence sounded in tort).

In his third claim for relief, Mr. Shelden asserts multiple violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and antitrust violations under 18 U.S.C. § 1964 and chapter 15 of the U.S. Code. Compl. at 76-82. The RICO Act is not a money-mandating statute and actions involving racketeering claims vest exclusively in the federal district courts. *See Julian v. United States*, 658 F. App'x 1014, 106-17 (Fed. Cir. 2016); *Stanwyck v. United States*, 127 Fed. Cl. 308, 315 (2016) (The RICO Act "provides for a civil action within the exclusive federal jurisdiction of U.S. district courts, and not this court."). Further, "[c]laims for violations of the antitrust laws are not within the scope of the Tucker Act." *Smith v. United States*, 34 Fed. Cl. 313, 321 (1995).

Lastly, Mr. Shelden's requests for various forms of assistance and injunctive relief are not properly before the Court because "[t]he Tucker Act does not provide independent jurisdiction over. . . claims for equitable relief." *Taylor v. United States,* 113 Fed. Cl. 171, 173 (2013). Accordingly, the Court lacks subject-matter jurisdiction over all of plaintiff's claims for relief, and plaintiff's Complaint must be dismissed.

### IV.   Conclusion

For the reasons set forth above, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of jurisdiction. The Clerk is hereby directed to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge